J-S38026-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TYREEK AZIZ MULDROW | : | |
| | : | |
| Appellant | : | No. 1054 EDA 2022 |

Appeal from the PCRA Order Entered March 3, 2022
In the Court of Common Pleas of Lehigh County
Criminal Division at CP-39-CR-0002755-2015

BEFORE: KUNSELMAN, J., MURRAY, J., and SULLIVAN, J.

MEMORANDUM BY MURRAY, J.:           **FILED JANUARY 4, 2023**

Tyreek Aziz Muldrow (Appellant) appeals *pro se* from the order dismissing his second petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. We affirm.

On May 28, 2015, Appellant drove past his ex-girlfriend, who was walking with a man on a sidewalk in Allentown. Appellant retrieved a handgun and opened fire on the two individuals; the man died from multiple gunshot wounds, and Appellant's ex-girlfriend was seriously injured. Appellant confessed to police that he was the shooter. The Commonwealth charged Appellant with numerous crimes, including third-degree murder (Count 1) and attempted murder – serious bodily injury (Count 2).

Appellant entered a negotiated guilty plea. With the assistance of counsel (Trial Counsel), Appellant reviewed and signed a written guilty plea

colloquy in which Appellant attested to Trial Counsel informing Appellant "what sentences [Appellant] can receive for the crimes charged…." Guilty Plea Colloquy, 1/19/16, at 7; *see also id.* (stating "[i]f the Judge accepts the plea bargain, [Appellant] will be sentenced according to the plea bargain.").

At the plea hearing, the Commonwealth advised the trial court:

[Prosecutor]: … There is a binding plea agreement for a … fixed sentence on Count 1 for 20 to 40 years, [and] a fixed sentence on Count 2 for 20 to 40 years. Those sentences are to run consecutive for a total fixed sentence of 40 to 80 years [in prison].

THE COURT: Okay. So I have no discretion. The sentence will be 40 to 80 years, not less, not more.

[Prosecutor]: Correct.

N.T., 1/19/16, at 3-4. The trial court conducted an oral plea colloquy with Appellant, and found Appellant's plea was knowing, intelligent, and voluntary. *Id.* at 36. The trial court sentenced Appellant to an aggregate 40 - 80 years in prison. Appellant did not appeal.

Appellant filed a first PCRA petition on May 4, 2016. The PCRA court appointed counsel (PCRA Counsel), who subsequently filed a "no-merit" letter pursuant to *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988), and *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). The PCRA court denied Appellant's first PCRA petition and granted PCRA Counsel permission to withdraw. Appellant did not appeal.

On December 14, 2021, Appellant *pro se* filed the underlying PCRA petition, his second. On February 3, 2022, the PCRA court issued Pa.R.Crim.P.

907 notice of intent to dismiss the petition without a hearing.[1]  The court concluded it lacked jurisdiction to address Appellant's claims because the PCRA petition was untimely, and Appellant did not invoke an exception to the PCRA's time-bar.  Appellant did not file a response.

The PCRA court dismissed Appellant's second PCRA petition on March 3, 2022.  Appellant filed a *pro se* notice of appeal 36 days later, on April 8, 2022.  **See** Pa.R.A.P. 903(a) (a notice of appeal "shall be filed within **30 days** after the entry of the order from which the appeal is taken." (emphasis added)).  As Appellant is incarcerated, he mailed his notice of appeal from prison; we discuss this fact, and the timeliness of his appeal, below.

After receiving Appellant's notice of appeal, the PCRA court ordered him to file a concise statement of errors complained of within 21 days, pursuant to Pa.R.A.P. 1925(b).  **See** Order, 4/8/22 (cautioning that "any issue not properly included in the Statement timely filed and served pursuant to Pa.R.A.P. 1925(b) shall be deemed waived").  Appellant did not timely respond.

On April 12, 2022, Appellant filed a *pro se* application in the PCRA court seeking to amend his petition *nunc pro tunc* pursuant to Pa.R.Crim.P. 905 (governing amendment of PCRA petitions).  Appellant claimed PCRA Counsel

---

[1] The PCRA court summarized Appellant's "litany of claims."  **See** Rule 907 Notice, 2/3/22, at 2 n.3.

was ineffective for failing to file an amended PCRA petition raising ineffectiveness of Trial Counsel.[2] The PCRA court denied Appellant's application on the basis that it lacked jurisdiction. *See* Order, 4/19/22.

On May 13, 2022, the PCRA court issued a Pa.R.A.P. 1925(a) opinion in which it concluded that Appellant waived his issues because he failed to file a Rule 1925(b) statement. PCRA Court Opinion, 5/13/22, at 3. Alternatively, the court determined it lacked jurisdiction to review Appellant's untimely petition. *Id.* at 4.

On May 23, 2022, this Court issued a rule upon Appellant to show cause why we should not quash his appeal as being untimely filed under Pa.R.A.P. 903(a). Appellant did not respond. On June 24, 2022, this Court discharged the rule to show cause and referred the matter to this panel.

We first address the timeliness of this appeal. *See Commonwealth v. Reid*, 235 A.3d 1124, 1170 (Pa. 2020) ("The timeliness of an appeal … [goes] to the jurisdiction of our Court and its competency to act." (citation omitted)). The prisoner mailbox rule provides that an inmate's *pro se* filing "is deemed filed on the date he delivers it to prison authorities for mailing."

---

[2] Appellant claimed Trial Counsel failed to accurately advise him about the aggregate sentence he would receive. Application to Amend, 4/12/22, at 2 (unnumbered) ("During the time that I plead guilty to the 40-80[-]year sentence[,] I was under the impression that I was only going to be serving a total term of imprisonment of 20 - 40 years. Trial [C]ounsel … did not explain to me what consecutive meant in relation to" the separate sentences imposed on Counts 1 and 2).

*Commonwealth v. Kennedy*, 266 A.3d 1128, 1132 n.8 (Pa. Super. 2021) (citation omitted)); *see also* Pa.R.A.P. 121(f) (same). Instantly, Appellant attached proof of service to his notice of appeal indicating that Appellant deposited the notice of appeal with prison authorities on March 28, 2022. Thus, this appeal is timely.

Appellant presents three questions for our review:

1. Does a second PCRA petition challenging initial PCRA Counsel[']s representation qualify as a first opportunity similar to the holding in *Commonwealth v. Bradley*, 261 A.3d 381 (Pa. 2021)?

2. Is [Appellant] entitled to effective PCRA counsel during the initial PCRA proceedings?

3. Whether the trial court err[]ed in denying Appellant's petition for post conviction collateral relief without a hearing pursuant to Rule 907 of the Pennsylvania Rules of Criminal Procedure?

Appellant's Brief at 4 (some capitalization omitted).

We agree with the PCRA court regarding jurisdiction. *See Commonwealth v. Albrecht*, 994 A.2d 1091, 1093 (Pa. 2010) (the merits of a PCRA petition cannot be addressed unless the PCRA court has jurisdiction; jurisdiction does not exist if the PCRA petition is untimely); *see also Commonwealth v. Chester*, 895 A.2d 520, 522 (Pa. 2006) ("If a PCRA petition is untimely, neither this Court nor the [PCRA] court has jurisdiction over the petition.") (citation omitted). Any PCRA petition, including a second or subsequent petition, must be filed within one year of the date the judgment of sentence becomes final. 42 Pa.C.S.A. § 9545(b)(1).

Appellant's judgment of sentence became final in February 2016, after the time for filing a direct appeal expired. Therefore, the underlying PCRA petition, which Appellant filed on December 14, 2021, is untimely. Pennsylvania courts may consider an untimely PCRA petition if the petitioner pleads and proves a statutory exception set forth in 42 Pa.C.S.A. § 9545(b)(1)(i-iii) (providing an untimely PCRA petition may be considered if a petitioner alleges and proves (1) governmental interference with the presentation of his claims; (2) discovery of previously unknown facts which could not have been discovered with due diligence; or (3) a newly-recognized constitutional right given retroactive application). A petition asserting an exception must establish that the exception was raised within one year of the date the claim could have been presented. 42 Pa.C.S.A. § 9545(b)(2). "**[I]t is the petitioner's burden to plead in the petition** and prove that one of the exceptions applies." *Commonwealth v. Crews*, 863 A.2d 498, 501 (Pa. 2004) (emphasis in original; citation omitted). Here, Appellant has not met this burden, as he did not invoke any exception in his petition. *See id.* The PCRA court correctly observed that all of Appellant's claims "pertain to the date of his guilty plea and sentencing (January 19, 2016), where the fixed terms of his plea agreement were placed on the record." PCRA Court Opinion, 5/13/22, at 4 (footnote omitted); *see also id.* (rejecting Appellant's claim that he was unaware that the separate sentences imposed on Counts 1 and 2 would run consecutively).

However, in his brief and for the first time, Appellant raises the Supreme Court's recent decision in **Commonwealth v. Bradley**, 261 A.3d 381, 401 (Pa. 2021) (holding "a PCRA petitioner may, after a PCRA court denies relief, and after obtaining new counsel or acting *pro se*, raise claims of PCRA counsel's ineffectiveness at the first opportunity to do so, even if on appeal."). **See** Appellant's Brief at 11-15.[3]   Appellant contends his claim invoking **Bradley** meets the "newly-discovered fact" and "newly-recognized constitutional right" exceptions to the PCRA time-bar.  **Id.** at 12; **see also** 42 9545(b)(1) (ii & iii).

The Pennsylvania Supreme Court recently expanded on **Bradley**, stating:

> We recognized that the structure of appeal and collateral review "places great importance on the competency of initial PCRA counsel," and reasoned that "it is essential that a petitioner possess a meaningful method by which to realize his right to effective PCRA counsel." **Bradley**, 261 A.3d at 401.  We stated that "this approach best recognizes a petitioner's right to effective PCRA counsel while advancing equally legitimate concerns that criminal matters be efficiently and timely concluded." **Id.** at 405. We further explained:
>
>> In some instances, the record before the appellate court will be sufficient to allow for disposition of any newly-raised ineffectiveness claims. **Commonwealth v. Holmes**, 79 A.3d 562, 577 (Pa. 2013).  However, in other cases, the appellate court may need to remand to the PCRA court for further development of the record and for the PCRA court to consider such claims as an initial matter.  Consistent with our prior case law, to advance a request for remand, a petition would be required to

---

[3] Appellant argues these claims in connection with his first two issues.

> provide more than mere "boilerplate assertions of PCRA counsel's ineffectiveness," **Commonwealth v. Hall**, 872 A.2d 1177, 1182 (Pa. 2005); however, where there are "material facts at issue concerning claims challenging counsel's stewardship and relief is not plainly unavailable as a matter of law, the remand should be afforded[.]" **Commonwealth v. Grant**, 813 A.2d 726, 740 n.2 (Pa. 2002) (Saylor, J., concurring).
>
> **Id.** at 402.  We also stated that [Pa.R.A.P.] 302(a), which provides that "[i]ssues not raised in the trial court are waived and cannot be raised for the first time on appeal," Pa.R.A.P. 302(a), "does not pertain to these scenarios." **Id.** at 405.

**Commonwealth v. Parrish**, 273 A.3d 989, 1002 (Pa. 2022) (some brackets omitted; citations modified).

Appellant properly raises his claim of PCRA Counsel's ineffectiveness in his appellate brief. **Bradley**, 261 A.3d at 401.[4]  However, Appellant is not entitled to relief, as relief is "plainly unavailable as a matter of law." **Id.** at 402.  Appellant merely raises a general claim of PCRA Counsel's ineffectiveness, asserting that PCRA Counsel should have raised a claim of Trial Counsel's ineffectiveness for failing to ensure Appellant's guilty plea was knowingly and intelligently entered.  **See** Appellant's Brief at 16 (claiming Appellant "was not informed by [Trial C]ounsel the meaning of consecutive. [Appellant] was under the impression that he was receiving a [guilty plea]

_____

[4] We are not persuaded by the Commonwealth's argument that Appellant waived his **Bradley** claim, where he raised it "for the first time on appeal" and "failed to plead this claim in the lower court[.]"  Commonwealth Brief at 10. Claims invoking **Bradley** for the first time on appeal are not waived under Pa.R.A.P. 302(a).  **Parrish**, 273 A.3d at 1002.

deal for a total confinement not to exceed 40 years. Yet, the deal in reality was a total term of 80 years."); *see also Parrish*, 273 A.3d at 1002 (stating "boilerplate assertions of PCRA counsel's ineffectiveness" are insufficient to warrant a remand to the PCRA court under *Bradley*) (citation omitted). Moreover, Appellant fails to address the three-pronged ineffectiveness test pronounced in *Commonwealth v. Pierce*, 527 A.2d 973, 975-76 (Pa. 1987). *See Commonwealth v. Franklin*, 990 A.2d 795, 797 (Pa. Super. 2010) (holding counsel is presumed to be effective, and a PCRA petitioner bears the burden of demonstrating counsel's ineffectiveness).

Even if Appellant had advanced more than a general claim of PCRA Counsel's ineffectiveness, the claim would lack merit. *See Commonwealth v. Treiber*, 121 A.3d 435, 445 (Pa. 2015) ("counsel cannot be deemed ineffective for failing to raise a meritless claim." (citation omitted)); *Commonwealth v. Fletcher*, 986 A.2d 759, 783 (Pa. 2009) (noting "if trial counsel was not ineffective … then appellate counsel cannot be deemed ineffective for failing to raise … trial counsel's ineffectiveness.").

As discussed above, Appellant executed a written guilty plea colloquy in which he attested to Trial Counsel informing him of the sentence he would receive under the plea agreement. *See* Guilty Plea Colloquy, 1/19/16, at 7, *supra*. At the plea hearing, the trial court conducted a thorough oral colloquy, asking Appellant whether Trial Counsel had "review[ed] with [Appellant] what the sentence could be?" N.T., 1/19/16, at 10. Appellant responded, "Yeah."

*Id.* Appellant also affirmed his understanding that "under the terms of [the guilty] plea, [his] minimum sentence will be 40 years[, and his] maximum sentence will be 80 years." *Id.* Further, Trial Counsel advised the trial court that he had discussed the terms of the plea with Appellant and was satisfied Appellant understood the terms. *Id.* at 13, 16; *see also id.* at 13-14 (Trial Counsel opining that the plea was in Appellant's best interest, as Trial Counsel was "concern[ed]" if Appellant rejected the plea, he would receive a sentence of "life in prison or the death penalty.").

In sum, we discern no abuse of discretion by the PCRA court's conclusion that Appellant "was fully aware" of "the fixed terms of his plea agreement," and that the separate sentences imposed at Counts 1 and 2 "were to run consecutively." PCRA Court Opinion, 5/13/22, at 4; *see also Commonwealth v. Reid*, 117 A.3d 777, 783 (Pa. Super. 2015) ("Our law presumes that a defendant who enters a guilty plea was aware of what he was doing. He bears the burden of proving otherwise. The entry of a negotiated plea is a strong indicator of the voluntariness of the plea." (citations and quotation marks omitted)). Appellant's first and second issues do not merit relief.

In his third and final issue, Appellant claims the PCRA court improperly dismissed his petition without a hearing because Appellant "raised significant claims of [T]rial [C]ounsel's ineffectiveness and violations of his constitutional rights." Appellant's Brief at 22. We disagree.

- 10 -

The right to an evidentiary hearing on a post-conviction petition is not absolute. It is within the PCRA court's discretion to decline to hold a hearing if the petitioner's claim is patently frivolous and has no support either in the record or other evidence. It is the responsibility of the reviewing court on appeal to examine each issue raised in the PCRA petition in light of the record certified before it in order to determine if the PCRA court erred in its determination that there were no genuine issues of material fact in controversy and in denying relief without conducting an evidentiary hearing.

*Commonwealth v. Wah*, 42 A.3d 335, 338 (Pa. Super. 2012) (citation omitted).

There is no record or other support for Appellant's claims, and a hearing would not have altered this fact. Thus, the PCRA court did not abuse its discretion in declining to hold an evidentiary hearing before dismissing Appellant's petition.

Order affirmed.

Judge Sullivan joins the memorandum.

Judge Kunselman files a concurring memorandum in which Judge Sullivan joins.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/04/2023

- 11 -